## ROBERT ROY LANGSTON V. STATE.

No. 24950. November 1, 1950.
Appellant's Motion for Rehearing Denied (Without Written Opinion) November 29, 1950.

*D. F. Sanders* and *J. A. Veillon*, Beaumont, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was given seven years in the penitentiary on his conviction for theft of an automobile alleged to be of the value of $400.00.

The evidence shows that Mr. Wilson, the owner of the car, left it parked near the place where he worked, in the city of Beaumont. At the close of the day his car was gone. A short while thereafter appellant took the car to a garage in Velasco and left it for repair. This he admits, but claims that he did so for another party who could not be found as a witness. According to the state's evidence, he inquired about the progress of repairs several times and, finally, offered to give his check on an out of town bank to pay for the work, about $40.00. The owner of the garage refused to accept the check and held the car. About a week thereafter the garage was broken into on Saturday night and the car was missing the next morning, but was found by the side of the road, abandoned, during the day. A woman who operated a beer parlor which appellant patronized testified that she saw him in the car on Saturday night. The appellant's arrest followed and he was placed in jail in Beaumont.

The first bill of exceptions complains of the evidence of Mr. Wilson, the owner of the car, to the effect that he sold it after it was recovered for $50.00. We see no harm in this testimony in as much as other evidence was admitted without exception which showed the value of the car to be from $350.00 to $400.00.

Bill of Exception No. 2 complains of the evidence of the

mechanic who repaired the car, to the effect that he did not give appellant or anyone else permission to go in the garage and get the car. The evidence is objected to on the ground that it was evidence of an extraneous offense upon which the defendant was not on trial. It is observed that appellant denied that he claimed ownership of the car and this evidence would appear to be available for the purpose of refuting that denial.

Bill of Exception No. 3 complains of the testimony of Mrs. Ray, the owner of the garage and of a cabin in which appellant was staying. She said the bill for the repairs on the car was around $40.00; that after the repair was done he came back to get it and asked her to take a check, which she declined to do; that he did not bring the money later to get the car; and that she did not see him after the car disappeared—that he was not over at the cabin anymore.

We are unable to tell from the bill which testimony was objected to. Unquestionably some of it is admissible and the bill fails to point to any particular evidence that is not.

Bill of Exception No. 4 complains of evidence of Mrs. E. E. McManus, who testified that she recalled the occasion of the car disappearing from the garage on Saturday night and says, "I saw him early Sunday morning in the car but I didn't even know the car was stolen or anything. I saw him that Saturday night and then that Sunday is when I heard about the car." Other evidence is contained in the bill and the same discussion applies as in Bill No. 3, and the same conclusion is reached as to Bill No. 4.

We find no reversible error in the record and the judgment of the trial court is accordingly affirmed.